IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:14-CV-1017-WKW |
| | ) (WO – Do Not Publish) |
| WALTER MYERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiff Anthony Boyd's ("Boyd") Motion to Vacate the court's October 7, 2015 final judgment against him pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. # 52.) The State filed its response in opposition to Boyd's motion on November 5, 2015. (Doc. # 55.) After careful consideration of Boyd's motion and the State's opposition, the court finds that Boyd's motion (Doc. # 52) is due to be denied.

In the Eleventh Circuit, the only grounds for granting a Rule 59 motion are newly discovered evidence, an intervening change in controlling law, or the need to correct clear error or manifest injustice. *See Arthur v. King*, 500 F.3d 1335, 1344 (11th Cir. 2007); *Hammonds v. Sharp*, No. 1:05-cv-831-WKW, 2015 WL 1346829, at *1 (M.D. Ala. Mar. 24, 2015); *Estate of Ingrum v. Fin. Freedom Acquisition, LLC*, No. 3:09-cv-255-WKW, 2011 WL 2784530, at *1 (M.D. Ala. July 15, 2011). Boyd's motion claims that the court clearly erred when it entered

its October 7, 2015 final judgment against him and dismissed his amended complaint.  Boyd, however, has failed to demonstrate that he is entitled to Rule 59 relief.

With respect to the two alternative methods of execution raised by Boyd and rejected by the court (hanging and a firing squad), *Glossip v. Gross*, 135 S. Ct. 2726 (2015), does not specifically require that the proposed alternative be "permitted by statute," but it does require that the proposed alternative be feasible and readily available to the State.  "To establish that in regard to the use of a *particular drug* (in this case, midazolam), the inmate must prove not only that the drug being used creates 'a substantial risk of serious harm,' but also that there is a 'known and available alternative[ ]' *drug* that is 'feasible, readily implemented,' and that will 'in fact significantly reduce [the] substantial risk of severe pain." *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1273 (11th Cir. 2014) (Carnes, C.J., concurring) (alteration in original) (emphasis added).  Boyd did not identify any alternative drug in his Eighth Amendment method-of-execution claim.  Nor has he sufficiently demonstrated how the court clearly erred in holding that his remaining claims are time-barred.  As a result, it is ORDERED that Boyd's Rule 59 motion (Doc. # 52) is DENIED.

DONE this 6th day of November, 2015.

                                                    /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE